STATE EX REL. KOCH, Appellant, vs. MELMS, Respondent.

*March 2—March 23, 1915.*

*Election commissioners: Appointment: Party affiliation: Attesting: Powers of party chairmen: Mandamus.*

1. Under ch. 391, Laws of 1911, as amended by ch. 5, Laws of 1913, the chairman of the city committee of a political party is vested with broad power in the matter of determining whether or not an appointee or proposed appointee to the office of election commissioner is affiliated with such party; and his determination cannot be disturbed unless he has abused his discretion or power.
2. Such a chairman cannot be compelled by *mandamus* to attest that a person is affiliated with his party unless that fact plainly appears.
3. Where a person had violated the constitution and fundamental principles of a party by accepting a public office without the consent of the state organization, by failing to attend meetings, and by failing to give an account of his official acts, and thereafter, upon charges presented and investigated in the proper branch of the party after due notice given, he was declared not affiliated with the party and not a member thereof, such facts warranted the chairman of the city committee in deciding that such person was not affiliated with the party within the meaning of ch. 391, Laws of 1911, as amended by ch. 5, Laws of 1913.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer of the appellant herein to the return of the respondent. The respondent is city chairman of the Social Democratic Party. The appellant filed a petition praying that a writ of *manda-*

*mus* issue requiring the respondent as chairman of the Social
Democratic Party of Milwaukee to attest as to the party af-
filiations of the appellant, and for such other judgment as
might be proper under ch. 5, Laws of 1913, amending ch. 391,
Laws of 1911. An alternative writ was issued and the re-
spondent moved to quash the same. The motion to quash was
denied. The respondent then filed a return and also supple-
mental returns to the petition, to which the appellant de-
murred. The demurrer was overruled and an appeal taken
from the order to this court.

*Waldemar C. Wehe,* for the appellant.

For the respondent there was a brief by *Kleist, Harriman
& Knappe,* and oral argument by *J. C. Kleist* and *Edwin W.
Knappe.*

KERWIN, J.  1. The original return, after setting up that
the Social Democratic Party is organized and existing under
the jurisdiction and authority of the Social Democratic Party
of the State of Wisconsin, which is affiliated with the Socialist
Party of the United States, under whose jurisdiction and
authority the same exists, alleges that on the 24th day of
July, 1914, the respondent advised the board of election com-
missioners of the city of Milwaukee and the secretary thereof
that according to art. 2, sec. 2, of the national constitution of
the Socialist Party the appellant was no longer affiliated with
the Socialist Party, and further on September 10, 1914, cer-
tified that the appellant was not a member of or affiliated with
the Social Democratic Party of the City of Milwaukee.

2. As a further, separate, and supplemental return to the
alternative writ of *mandamus* the respondent alleged in sub-
stance that he could not attest that appellant was a member
of or affiliated with the Social Democratic Party of the City
of Milwaukee for several reasons; among others, that the
national constitution of the Social Democratic Party of the
State of Wisconsin provides that no member of said party

shall accept or hold any public office, honorary or remunera-
tive (civil service positions excepted), without the consent of
his state organization, and that the constitution also provides
that any member violating the laws and principles of the or-
ganization or voting for or supporting any other party or any
other candidates than those nominated by the Social Demo-
cratic Party, or failing to obey the instructions or policy of
the party organization, or trying to organize a rival organi-
zation, or publicly slandering or denouncing another member
of the party, or committing an act injurious to the good re-
pute of the party, may be suspended or expelled by a two-
thirds vote of his branch or local, if such local is not divided
into branches, or central committee of the local; that appel-
lant accepted the appointment of member of the board of
election commissioners of the city of Milwaukee by appoint-
ment of June 29, 1914, by the mayor of said city, and took
the oath of office; that said office is not only honorary but
remunerative; that the consent of the state organization of the
Social Democratic Party had not been obtained by appellant
nor the consent or approval of the party organization ob-
tained, and that appellant has thereby voluntarily severed his
affiliations with said party and is no longer a member thereof;
that because thereof respondent on July 24, 1914, advised
the members of the board of election commissioners and the
secretary thereof that appellant was no longer affiliated with
the Socialist Party.

Respondent further denies in said return that appellant is
affiliated with the Social Democratic Party or is a member
thereof. Respondent further returns that it is a fundamen-
tal doctrine of the Social Democratic Party that no member
shall seek public office or engage in any personal canvass to
obtain office or urge members or others to vote for him, and
that officials give an account of their official acts before their
party members in the district they represent, and that said
appellant violated said constitution and principles by accept-

ing office, failing to attend meetings, and in failing to give account of his official acts and attend meetings. That in these and other ways said appellant evinced that he was a member of the Social Democratic Party only for personal gain and not as a matter of principle; that on July 14, 1914, charges in writing were preferred against him in the Tenth ward branch of the Social Democratic Party in the city of Milwaukee, which charges are set out in the return; that investigation of such charges was made, due notice given to appellant, and on September 10, 1914, said appellant was by resolution of said party declared not affiliated with the Social Democratic Party, and not a member thereof.

3. The respondent made a further, separate, and supplemental return setting forth that the mayor of the city of Milwaukee submitted several names, to the number of five, appellant's and one Robert Buesch's included, to the respondent as city chairman of the Social Democratic Party, asking him to attest whether said persons were members of the said Social Democratic Party of the City of Milwaukee, Wisconsin; that on June 26, 1914, respondent attested to the name of Robert Buesch as affiliated with said party, and on June 30, 1914, attested that several persons, not including the appellant, were affiliated with the Social Democratic Party, including the name of respondent, and notifying the mayor that under no consideration would the respondent accept appointment to the board of election commissioners. The return further alleges that the mayor of the city of Milwaukee is bitterly partisan and that he illegally and unlawfully attempted to oust the Socialist members of the board of fire and police commissioners and the building inspector appointed by the Socialist administration, and that in other ways said mayor acted vindictively towards the Socialists; that said mayor is attempting to maintain appellant in said office well knowing that he is not in harmony with the Social Democratic Party and no longer a member of said party or affiliated therewith.

The return prays the judgment of the court that the prayer of the petition be denied.

4. The allegations of the return well pleaded must be regarded as admitted on demurrer, and the question therefore arises whether such facts alleged in the return were sufficient to warrant the court below in overruling the demurrer.

Ch. 391, Laws of 1911, as amended by ch. 5, Laws of 1913, creates a board of election commissioners for cities of over 100,000 inhabitants and provides (sec. 1):

"The mayor of each said city shall appoint three members for terms of one, two and three years, respectively, dating from July 1st in the year in which they are appointed, and until their successors are commissioned and qualified. Successors shall be appointed in like manner and their terms of office shall be three years in all cases and until their successors are commissioned and qualified. The board shall be composed of one member from each of the three dominant political parties, as shown by the returns of the last preceding general election, and appointments shall be made in accordance with this rule. The party affiliation in each case shall be attested by the respective chairmen of the city committees of the several political parties before such appointment shall be in force. . . ."

It seems quite clear under this statute that the chairman is vested with broad power to determine whether the person attested is affiliated with the party or not. This being so, it is equally clear that the judgment of the chairman cannot be disturbed unless he has abused the discretion or power vested in him by the statute. In other words, it must appear that the respondent abused his discretion in attesting or holding that the appellant was not affiliated with the Social Democratic Party. On the facts alleged in the return, admitted by the demurrer, it cannot be said that the respondent was wrong in attesting that appellant was not affiliated with said party. In order to compel respondent by *mandamus* to attest

that appellant was affiliated with the Social Democratic Party it must appear plain that he was so affiliated. Such is not the case upon the return.

It is contended by counsel for appellant that persons are members of a political party when they have voted with it at the last preceding general election, and that no political party can adopt a constitution or by-laws to define who may or may not be members of their party. It is not necessary to decide these contentions in the instant case, because, independent of them, there are facts and circumstances pleaded in the return sufficient to warrant respondent in deciding that the appellant was not affiliated with the Social Democratic Party within the meaning of the statute, hence the order below is right and cannot be disturbed.

*By the Court.*—The order appealed from is affirmed.

MARSHALL, J. (*concurring*). I concur in the decision. I wish to add this to what is said for the court. I am of the opinion that the result reached is required by the familiar principle which ruled in many controversies in this and other courts and, particularly as to political parties, in *State ex rel. Cook v. Houser*, 122 Wis. 534, 100 N. W. 964, and has become elementary.

It will be observed that the statute requires the person appointed as election commissioner for a party *to be from such party*. That is, to belong to, be a member of, such party. The term "party affiliation" is not used in the sense of merely connected, or acting in harmony, with; but as synonymous with membership in. The statute leaves it solely to the chairman of the party committee to determine the vital fact. It does not prescribe any test except the judgment of the party chairman. It contemplates that his word shall be supreme; but, doubtless, that it shall conform to the party rules. For that the certifying chairman stands for the highest party authority. His discretion is bounded only by its rules. Should

he go beyond he would abuse his power and so commit jurisdictional error for which the courts would afford a remedy.

A political party, like any other voluntary organization, so long as it does not violate any law, may freely make and enforce its own rules, the same as a board of trade or a fraternal organization or a church society. Those rules are laws of the organization, binding on courts. They, necessarily, extend to the subject of the essentials of membership in the organization. So when the highest authority in a political party, according to its rules, or the authority which by such rules has jurisdiction to decide, does so, that is the voice of the law, as to the party, and it is the voice of the law as to the state as well, which courts must recognize. That was said most emphatically in the *Houser Case*.

So here, the highest party authority having spoken, conformable to the party rules, which are not in violation of any written law, the decision must be respected by the courts and all administrative officers, the same as in case of a decision by the highest in any other voluntary organization.